UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JERALD THOMAS #317932,

    Plaintiff,

v.                                                               Case No. 2:04-cv-251
                                                                HON. GORDON J. QUIST

UNKNOWN EBY,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

        Plaintiff Jerald Thomas #317932, an inmate currently confined at the Standish Maximum Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Corrections Officer Unknown Eby. Plaintiff's complaint alleges that Defendant Eby[1] fabricated a major misconduct for masturbating in front of her. Plaintiff asserts that the ticket was written in retaliation for a prior grievance Plaintiff had filed on another individual. Plaintiff further claims that at the time Defendant Eby wrote the misconduct ticket, she made a racially derogatory remark when she stated, "You people are as dumb as ya'll [sic] look." Plaintiff contends that he was sleeping at the time of the alleged misconduct and could not have been guilty.

        Plaintiff states that he filed a grievance on Defendant and appealed the denial of this grievance to step III. Plaintiff asserts that he filed a request for rehearing, which was denied. Plaintiff's subsequent petition for judicial review of the misconduct conviction was dismissed because he did not have money to pay an initial filing fee in state court. Plaintiff seeks compensatory and punitive damages, as well as equitable relief.

---

[1] Crystal Bigger.

Plaintiff's complaint was initially dismissed for failure to state a claim on December 16, 2004 (docket #3 and #4). Plaintiff filed an appeal, which was granted by the Sixth Circuit Court of Appeals on March 30, 2007. *See Thomas v. Eby*, 481 F.3d 434 (6th Cir. 2007). Plaintiff's case was subsequently reopened in this court.

Presently before the Court is the Defendants' Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56. Plaintiff has filed a response and the matter is ready for decision. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas*

*& Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendant Eby claims that she is entitled to summary judgment on Plaintiff's retaliation claim because her conduct was not motivated by a desire to retaliate against Plaintiff. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

In the opinion remanding this case, the Sixth Circuit stated:

> The parties' primary dispute centers on causation. Because the question is whether the adverse action was taken (at least in part) because of the protected conduct, the causation inquiry centers on the defendant's motive. *See Thaddeus-X,* 175 F.3d at 399; *Leonard v. Robinson,* 477 F.3d 347, 361-62 (6th Cir.2007).
>
> According to MDOC, Thomas cannot show causation without first demonstrating that the misconduct charge was ultimately resolved in his favor, which he cannot do because he was convicted and the conviction was affirmed in the prison's review process. In other words, MDOC argues that because the administrative process concluded that Eby's allegations were not false, Thomas cannot show a retaliatory motive. In essence, MDOC's argument imports the favorable-termination requirement of *Heck* into cases where the habeas exception to § 1983 does not apply.

> On *summary judgment,* we analyze the causation element of a retaliation claim under the burden-shifting framework announced in *Mount Healthy City School District Board of Education v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). *Thaddeus-X,* 175 F.3d at 399. After a plaintiff shows that his protected conduct was a motivating factor in the defendant's action, the defendant may thwart the retaliation claim by showing that it would have taken the same action *442 even without the protected activity. *Id.* MDOC cites *Henderson v. Baird,* 29 F.3d 464 (8th Cir.1994), *cert. denied,* 515 U.S. 1145, 115 S.Ct. 2584, 132 L.Ed.2d 833 (1995), as well as a bevy of our unpublished opinions relying on *Henderson* and *Hynes v. Squillace,* 143 F.3d 653 (2d Cir.), *cert. denied,* 525 U.S. 907, 119 S.Ct. 246, 142 L.Ed.2d 202 (1998), in support of the proposition that a proven infraction of prison rules will generally satisfy the defendant's burden. Notably, each of these cases was decided on summary judgment, and therefore, each is distinguishable from the present case, which the district court dismissed sua sponte before service of the complaint on the sole defendant, Eby.
>
> However, MDOC cites no case applying the *Mount Healthy* standard on a motion to dismiss, and for good reason-it makes little sense to apply it at the pleading stage. A complaint cannot be dismissed unless "the plaintiff can prove *no set of facts* " that would entitle him to relief. *Brown,* 207 F.3d at 867 (emphasis added). Here, Thomas could establish multiple sets of facts that would prove his § 1983 claim. For example, it is possible that after discovery, Thomas would be able to demonstrate that inmates regularly expose their genitals to guards without consequence. Or perhaps he could prove that he had exposed himself to Eby in the past, but she had never pursued disciplinary action until after he filed a grievance against another guard. In either of these cases, Thomas would be able to show that his filing a grievance was "a motivating factor" behind the misconduct ticket. *Thaddeus-X,* 175 F.3d at 399. And Eby likely would be unable to meet her burden to "show that [s]he would have taken the same action in the absence of the protected activity." *Id.* While it may be unlikely that Thomas could prove such facts, the district court cannot dismiss a pro se prisoner's pleading merely "because the court finds the plaintiff's allegations unlikely." *Denton v. Hernandez,* 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). Accordingly, we conclude that Thomas adequately pleaded a claim for retaliation.

*Thomas v. Eby*, 481 F.3d 434, 441 -442 (6th Cir. 2007).

Defendant states that Plaintiff has failed to come forward with any evidence showing that Defendant's conduct in writing the misconduct ticket would not have occurred absent Plaintiff's use of the grievance system. In response, Plaintiff states that he "fully intends" to prove the causal nexus between his protected conduct and the writing of the misconduct ticket. Plaintiff further states that there is a discrepancy between the statements Defendant made in the misconduct and in the grievance response. The undersigned notes that in describing the violation on the misconduct report, Defendant stated:

> At the above time and place Prisoner Thomas #317932 was standing in the observation window with his penis exposed masturbating. Thomas heard this officer speak to another inmate so Thomas know this officer was on A-wing. And at no time did he cover up and these actions were to degrade this officer.

(*See* Plaintiff's Exhibit 1.) In the response to Plaintiff's step I grievance, Defendant was interviewed and indicated that she was in Steamboat for approximately 90 minutes on October 23, 2003, while she was relieving the assigned Unit Officers for lunch. During that time, Defendant made one round on A-wing. When Defendant opened the observation window door to cell 139, Plaintiff was standing naked in the center of the cell with his penis in his hand. (*See* Plaintiff's Exhibit 2.)

In the opinion of the undersigned, the two descriptions of the alleged misconduct are not inconsistent. Plaintiff claims that he will be able to show that Defendant acted with the requisite retaliatory motive if allowed further discovery, such as records of every misconduct written by Defendant, along with a record of every grievance written on her. However, Plaintiff's assertion that such discovery will support his claim is entirely conclusory. Plaintiff fails to offer any affidavits or other evidence to justify further discovery on this issue. Because there appears to be no genuine issue of material fact that Defendant acted with the intent to retaliate against Plaintiff, the undersigned recommends that the court grant Defendant summary judgment.

In addition, Defendant contends that she is entitled to Eleventh Amendment immunity to the extent that she is sued in her official capacity. Any claims against the individually-named Defendant in her official capacity does not state a claim upon which relief can be granted. *See Will v. Michigan Department of State Police*, 491 U.S. 58 (1989) (claims against a state agency or an official in his/her official capacity are claims against the state, and are not claims against a "person" subject to Section 1983 liability); *Frederick v. Abramajtys*, No. 94-1935, 1995 WL 564321, **1 (6th Cir. Sept. 21, 1995) (unpublished). Moreover, the Eleventh Amendment bars suit against the State or one of its agencies in federal court unless the state has given express consent, regardless of the relief sought. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984), overruled in part on other grounds, *Will*, 491 U.S. 58; *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (State and Board of Corrections).[2] The State of Michigan has not consented to civil rights suits in the federal courts. *See Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). The Eleventh Amendment therefore bars official-capacity suits for damages against its employees. Therefore, any official capacity claims for damages are properly dismissed.

However, in this case Plaintiff clearly states that he is suing Defendant in her "individual and official" capacities. Therefore, because Plaintiff specifies that he is suing Defendant in her individual capacity, the undersigned concludes that Defendant is not entitled to summary judgment on this issue.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendant's motion for summary judgment. Accordingly, it is

---

[2] The Sixth Circuit has held that since an official capacity suit for retroactive relief, such as monetary damages, is deemed to be against the State, whose officers are the nominal Defendants, the claim is barred by the Eleventh Amendment. *Doe v. Wigginton*, 21 F.3d 733, 736-737 (6th Cir. 1994).

recommended that Defendant's Motion for Summary Judgment (Docket #28) be granted and that this case be dismissed in its entirety.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: July 31, 2008